UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------

DEBRA L. ERICKSON,

        Plaintiff,

  v.

NANCY A. BERRYHILL,

        Defendant.

Case No. 19-cv-639-pp

------

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

------

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff states that her monthly income is $288 "gross" from Washkovick Lawns and $98 in interest from Fortify Bank. Id. at 2. The plaintiff's expenses are $600 per month ($300 rent and $300 other

household expenses). Id. at 2-4. The plaintiff owns a 2002 Chevy Trailblazer and does not know what its value is, she has $5,500 on hand in a checking, savings or similar account, and she has $6,400 in an IRA. Id. at 3-4. While the money the plaintiff has in savings and in her IRA is a significant amount, she states, "I have been living off my savings since being not able to work more hours. Also had to take money out of IRA." Without dipping into her savings, the plaintiff's expenses are more than double her income. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she is disabled and that the decision of the Commissioner denying benefits to the plaintiff is "not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the evidence, but contrary thereto, in that the ALJ's decision is not supported by substantial evidence and is contrary to law." Dkt. No. 1 at 2. At this early

2

stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 7th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**